# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEANLUM YITH, et al., | Case No. 1:14-cv-01875-LJO-SKO |
| Plaintiffs, | **ORDERING DENYING EX PARTE APPLICATION TO EXTEND TIME TO FILE A RESPONSE TO THE COMPLAINT** |
| v. | |
| JEH JOHNSON, United States Department of Homeland Security, et al., | (Doc. 14) |
| Defendants. | |
| _____/ | |

On February 2, 2014, Defendants filed an ex parte motion to extend the time in which to respond to the complaint by 45 days. (Doc. 14.) Plaintiffs oppose the request.

This case is involves the adjudication of applications for naturalization by the United States Citizenship and Immigration Services ("USCIS"). Defendants claim that Plaintiffs' eligibility is intertwined with the lawful permanent resident status of their father, whose Application to Replace Permanent Resident Card is pending before the USCIS. The agency has recently issue a Notice of Intent to Deny ("NOID") that application. A response to the NOID is to be filed with the agency by February 24, 2015, and the agency anticipates adjudication of the application by March 2, 2015. Defendants therefore seek until March 19, 2015, to respond to the complaint and request that the scheduling conference currently set for March 3, 2015, be continued to a time after the new response deadline.

Plaintiffs contend the pending application of their father, Neth Yith, to replace his permanent resident card and any issue with respect to *that* application is not sufficient grounds to delay *this* case.  The applications involved in this case have been pending for four years and two years respectively, and the agency seeks only to delay adjudication of their application on the ground that there may be a basis for denial in the future.  Plaintiffs assert Defendants' contention that Plaintiffs' applications are necessarily linked to their father's application is a legal conclusion, and a decision on their father's application has no bearing on their own case.  Plaintiffs also note that their father would likely not accept any administrative decision by USCIS that he cannot replace his green card, and would pursue all administrative or federal court remedies, which will not be concluded within 45 days.  Even if the case proceeds, Defendants will still have every opportunity to make arguments related to their father in relation to their own applications at issue in this case.  More delay in the case is unnecessary and particularly problematic because this case was brought to federal court on the ground that the agency failed to make a timely decision in the first instance.

Defendants' assertion that Plaintiffs' father's application has bearing on this case is not currently a sufficient basis to delay the matter.  As Plaintiffs note, while an agency decision on their father's application may be issued shortly, an adverse determination is likely to be challenged.  Thus, waiting 45 days will not likely bring certainty or finality to *that* matter for purposes of this case.  Any bearing those proceedings may have in this case can be addressed substantively during the course of the litigation.  To the extent Defendants wish to file a motion in the future related to this issue, the deadline to do so shall be discussed at the scheduling conference.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' ex parte application for an extension of time to respond to the complaint is DENIED;
2. A response to the complaint shall be filed by no later than February 13, 2014;

3. The deadline under Rule 26(f)(1) for the parties to meet and confer regarding the March 3, 2015, scheduling conference is extended to no later than February 18, 2015; and

4. Any issue with respect to amending the response to the complaint or filing a motion addressing Plaintiffs' father's pending application will be discussed at the scheduling conference.

IT IS SO ORDERED.

Dated:   **February 11, 2015**                         **/s/ Sheila K. Oberto**
                                                                           UNITED STATES MAGISTRATE JUDGE

3