# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEANLIM YITH and SEAK LEANG YITH, | Case No. 1:14-CV-01875-LJO-SKO |
| Plaintiffs, | ORDER FOR SUPPLEMENTAL EVIDENCE |
| v. | |
| JEH JOHNSON, et al., | |
| Defendants. | |

On November 25, 2014, Plaintiffs Seanlim Yith and Seak Leang Yith ("Plaintiffs") filed this action against Defendants Jeh Johson, in his capacity as Secretary for the U.S. Department of Homeland Security ("DHS"), Leon Rodriguez, in his capacity as Assistant Secretary for the DHS and Director for United States Citizenship and Immigration Services ("USCIS"), Mari-Carmen Jordan, in her capacity as Assistant Secretary for USCIS responsible for the Sacramento field office and the Fresno sub-office, Jonathan Crawford, in his capacity as the Field Office Director for the Fresno office of USCIS (collectively, "DHS Defendants"), Eric Holder, in his capacity as Attorney General of the United States and Secretary of the United States Department of Justice, and Does I-X  (collectively, "Defendants"). Doc. 1.  Plaintiffs are siblings and natives of Cambodia, and currently have lawful permanent resident status in the United States. *Id.*  Their case arises following a delay of over two years after they submitted their respective applications for naturalization with USCIS. *Id.*

On September 9, 2015, Defendants filed the pending motion to dismiss.  Doc. 36.  Defendants

contend that the Court should dismiss this action for lack of subject matter jurisdiction because under their interpretation of 8 U.S.C. § 1429 (2015), the initiation of removal proceedings against Plaintiffs divests this Court of jurisdiction. *Id.*, at 6-8. In the alternative, Defendants argue the complaint should be dismissed under Federal Rule of Procedure 12(b)(6) because the pendency of removal proceedings against Plaintiffs renders the Court unable to provide Plaintiffs with the relief they have requested. *Id.*, at 9-10. Attached to Defendants' motion are copies of the Forms I-862, Notices to Appear ("NTA"), issued to each respective Plaintiff, purporting to place both Plaintiffs in removal proceedings under section 240 of the Immigration and Nationality Act. Doc. 36-2.

Whether or not Plaintiffs are in removal proceedings is determinative of the extent of jurisdiction this Court may exercise over the instant case. 8 U.S.C. § 1429 provides in relevant part, that "no application for naturalization shall be considered . . . if there is pending against the applicant a removal proceeding." The Ninth Circuit has recognized that "[t]he natural reading of [8 U.S.C. §1429] is that removal proceedings and final removal orders are to take precedence over naturalization applications." *Perdomo-Padilla v. Ashcroft*, 333 F.3d 964, 970 (9th Cir. 2003). However, Defendants have submitted insufficient evidence that Plaintiffs have been placed in removal proceedings pursuant to 8 C.F.R. § 1239.1 (2015), which states that removal proceedings are "commenced by the <u>filing of a notice to appear with the immigration court</u>" (emphasis added). *See also* 8 C.F.R. § 1003.14(a) ("Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court"). Thus far, Defendants have submitted copies of the NTAs issued to both Plaintiffs.[1] Doc. 36-2. However, because Defendants have not demonstrated that Plaintiffs' respective NTAs have been <u>filed</u> with the Immigration Court, they have not demonstrated that removal proceedings are currently "pending against" Plaintiffs. *United States v. Hovsepian*, 359 F.3d 1144, 1165 (9th Cir. 2004) (government's failure to file NTAs with the immigration court meant that no removal proceedings were "pending" against the petitioners and that 8 U.S.C. § 1429 "did not bar the district court from

---

[1] Plaintiffs acknowledge that Seanlim is set for a hearing at the San Francisco Immigration Court in 2016, but state that Sean Yeak has yet to receive official notice from the Immigration Court. Doc. 33, at 4.

2

considering [petitioners'] naturalization applications"). Absent this evidence, the Court cannot adjudicate the pending motion to dismiss. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (a district court may consider materials outside of the pleadings in deciding whether or not it possesses subject matter jurisdiction over a case). The Court therefore directs Defendants to submit evidence to this Court that Plaintiffs' NTAs have been filed with the Immigration Court, within ten (10) days of electronic service of this Order. Plaintiffs shall then be given ten (10) days to submit any opposition to Defendants' filings.

IT IS SO ORDERED.

Dated: **November 17, 2015**     /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE