# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEANLIM YITH and SEAK LEANG YITH,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>JEH JOHNSON, et al.,<br><br>　　　　　Defendants. | Case No. 1:14-CV-01875-LJO-SKO<br><br>MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OR TO ALTER AND AMEND JUDGMENT.<br><br>(Doc. 52) |

Before the Court in the above-styled and numbered case is Plaintiffs Seanlim Yith and Seak Leang Yith's "Motion for Reconsideration or to Alter or Amend Judgment" under Federal Rules of Civil Procedure 59 and 60(b), filed on February 4, 2016. Docs. 52, 52-1, 52-2. Under Local Rule 230(g), this matter is appropriate for resolution without oral argument. Doc. 56. Having considered the record and the relevant law, the Court DENIES Plaintiffs' motion.

**BACKGROUND**

On November 25, 2014, Plaintiffs initiated this action against Defendants Jeh Johson, in his capacity as Secretary for the United States Department of Homeland Security ("DHS"), Leon Rodriguez, in his capacity as Assistant Secretary for the DHS and Director for United States Citizenship and Immigration Services ("USCIS"), Mari-Carmen Jordan, in her capacity as Assistant Secretary for USCIS responsible for the Sacramento field office and the Fresno sub-office, Jonathan Crawford, in his capacity as the Field Office Director for the Fresno sub-office of USCIS (collectively, "DHS Defendants"), and Loretta Lynch[1], in her capacity as Attorney General of the United States and Secretary of the United States Department of Justice (collectively, "Defendants" or "the Government"). Doc. 1 ("Compl."). Plaintiffs' case arises as the result of a significant delay in the adjudication of their respective naturalization applications. *Id.* The Complaint requested that this Court order the DHS Defendants to complete adjudication of their naturalization applications in a certain time frame, and for Defendant Lynch to cooperate to that end, or that the Court adjudicate their naturalization applications (claims one and two), and in the alternative, for the Court to issue a writ of mandamus to DHS Defendants and Defendant Lynch requiring adjudication of their naturalization applications (claims three and four). *Id.*, at 20-21.

On August 20, 2015, Plaintiffs filed a motion to amend, arguing that because USCIS scheduled and held interviews subsequent to their filing of this case, some of the allegations in the original complaint are now outdated and need to be modified or eliminated. Doc. 32. Included with the motion to amend was a proposed "first amended/supplemented complaint" that contained updated factual allegations and prayers for relief. Doc. 33. This motion was opposed by Defendants (Doc. 37), and Plaintiffs filed a reply to Defendant's opposition (Doc. 38).

On September 9, 2015, Defendants filed a motion to dismiss. Doc. 36, arguing *inter alia*, that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the pendency of removal proceedings against Plaintiffs renders the Court unable to provide Plaintiffs with the relief they have requested.[2] *Id.*, at 9-10. Plaintiffs filed an opposition to Defendant's

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substituted Loretta Lynch in place of Eric Holder, who was named in the Complaint. Doc. 46.
[2] This was Defendant's second motion to dismiss. The Court administratively terminated Defendant's first motion to dismiss on September 8, 2015. Doc. 35.

2

motion. Docs. 41, 42.

On January 8, 2016, this Court issued an Order granting Defendants' motion to dismiss and denying Plaintiffs' motion to amend. Docs. 50, 51. Plaintiffs now move for reconsideration of the Court's Order and alteration or amendment of the Judgment. Docs. 52, 52-1, 52-2, 53. Defendants oppose this motion (Doc. 53), and Plaintiffs have replied to Defendants' opposition (Doc. 55). The matter is now ripe for review.

**LEGAL STANDARD**

Under Federal Rules of Civil Procedure 59(e) and 60(b), a party may seek post-judgment relief from the Court. A party may, pursuant to Rule 59(e), move the Court to alter or amend its judgment within twenty-eight days after entry of a judgment. Such a motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d. 1101, 1111 (9th Cir. 2011) (internal citation omitted). A motion for reconsideration under Rule 60 "is generally appropriate in three instances: 1) when there has been an intervening change of controlling law, 2) new evidence has come to light, or 3) when necessary to correct a clear error or prevent manifest injustice." *United States. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). Both amending and reconsidering a judgment after entry constitute "extraordinary" remedies that should be used sparingly in the interests of finality and conservation of judicial resources. *Herron*, 634 F.3d at 1111; *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Importantly, "[a] motion for reconsideration is not a vehicle to reargue the motion," and the party seeking reconsideration "must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the Court in rendering its decision." *Id*. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

3

**DISCUSSION**

Having reviewed all forty pages[3] filed in connection with Plaintiffs' Motion, the Court finds that they have met neither the standard for altering or amending judgment under Rule 59(e), nor the standard for reconsideration under Rule 60.

**A. Alteration or Amendment**

Plaintiffs claim that the Court made thirteen "errors" in its January 8, 2016 order that they now seek judicial correction pursuant to Rule 59(e). Doc. 52, at 4. The first such "error" identified by Plaintiffs is the Court's determination that their motions were appropriate for resolution without oral argument. Doc. 52, ¶ 2A. Plaintiffs asserted that their due process rights have been violated by Local Rule 230(g), which vests this Court with the discretion to order that a given motion be submitted on the papers without oral argument. Doc. 52-1, at 8; Doc. 52-2, at 3; Doc. 55, at 7-8. However, "it is well settled that oral argument is not necessary to satisfy due process." *Toquero v. I.N.S.*, 956 F.2d 193, 196 n.4 (9th Cir. 1992) (citing *United States v. Marines*, 535 F.2d 552, 556 (10th Cir. 1976) ("Dispensing with oral argument clearly does not violate due process rights."); *see also Fed. Commc'ns Comm'n v. WJR, The Goodwill Station*, 337 U.S. 265, 275-76 (1949) ("Certainly the Constitution does not require oral argument in all cases where only insubstantial or frivolous questions of law, or indeed even substantial ones, are raised."). Therefore, under the authority of the Ninth Circuit and the Supreme Court, it was not error, let alone clear error, for the Court to find that oral arguments were unnecessary in this case. *See id.*

Five of the "errors" center on the contention that the Court should have ruled first on Plaintiffs' motion to amend, which was filed before Defendants' second motion to dismiss, and should have drafted the factual background section based on the amended complaint, rather than what was contained in the original complaint. Doc. 52, ¶¶ 2B, 2D, 2E, 2F, 2K. Plaintiffs cite no

---

[3] Throughout these proceedings, Plaintiffs' counsel Bruce Leichty ("Leichty") has engaged in a practice of circumventing the Court's 25-page limit on legal memorandum in civil cases by filing multiple "supplemental declarations" wherein he adds additional factual information and unnecessarily elaborates on the legal arguments presented in the briefs. *See, e.g.*, Docs. 17, 33, 39, 42, 53. Here, Leichty has openly flouted the page limits by inserting his requests for alteration and amendment in the notice of motion, which spans approximately ten pages. Doc. 52. The instant case is not the first time Leichty has conducted himself in an unprofessional manner before a federal court. *Ransmeier v. Mariani*, 718 F.3d 64, 69 (2d Cir. 2013) (noting that "Leichty has engaged in a pattern of vexatious and duplicative filings, targeting opponents and judges with rude language, and asserting spurious legal positions," and ordering sanctions against Leichty in the amount of double the costs incurred by the opposing party).

4

applicable authority to support their position. Because the Court denied Plaintiffs' motion to amend as futile (Doc. 50, at 22), the original complaint is the operative complaint in this case. Moreover, as the Court has broad and inherent power to manage its docket, it did not err by ruling on Plaintiffs' motion to amend and Defendants' motion to dismiss in the same Order. *See In re Phenylpropanolamine (PPA) Prod. Liability Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).

The remaining "errors" essentially amount to Plaintiffs expressing dissatisfaction with the wording of certain portions of the January 8, 2016 Order. Doc. 52, ¶¶ 2C, 2G, 2H, 2I, 2J, 2L, 2M. Plaintiffs argue that some of the wording is prejudicial towards them. Doc. 52, at 8. However, the Court did not express any opinion as to the merits of Plaintiffs' respective naturalization applications in the January 8, 2016 Order, and nothing in the previous Order nor the current Order should be construed as suggesting such. The Court did not commit error. *Herron*, 634 F.3d at 1111. The Court DENIES Plaintiffs' motion to alter or amend the judgment under Rule 59(e).

**B. Reconsideration**

Plaintiffs seek reconsideration of two legal conclusions in the Court's January 8, 2016 Order. First, they dispute the Court's finding that under 8 U.S.C. § 1429 ("§ 1429"), it lacks authority to consider their naturalization applications while removal proceedings are ongoing against them. Doc. 52-1, at 10-23. Plaintiffs' arguments for reconsideration of this conclusion mostly consist of reiterating and elaborating upon legal arguments that the Court had previously considered and rejected, specifically:1) because the text of § 1429 explicitly refers to the Attorney General, it does not apply to district courts; 2) notwithstanding the text of § 1429, 8 U.S.C. § 1447(b) ("§ 1447(b)") provides an independent statutory basis for district courts to evaluate a naturalization application even if an applicant is in removal proceedings. In particular, Plaintiffs express strong disagreement with the Second Circuit's decision *Ajlani v. Chertoff*, 545 F.3d 229, 235-36 (2d Cir. 2008), which the Court relied upon in reaching its findings as to the applicability and effect of § 1429 in this case. Plaintiffs accuse the *Ajlani* panel of being "judicial activist[s]" (Doc. 52-1, at 10), and "disingenuous" (Doc. 52-1, at 23), but fail to identify any flaws in the reasoning of *Ajlani* such that would render the Court's conclusions regarding § 1429 as "clear error." Indeed, the Court's conclusion with regard to the limiting effect that § 1429 has on the

ability of district courts to grant relief pursuant to § 1447(b) follows the interpretation of the immigration statutes adopted by all district courts who have considered the interplay of §§ 1429 and 1447(b) in recent years. *Maxwell v. Holder*, No. 2:14-cv-2772-TLN-AC, 2015 WL 2358698, *5-6 (E.D. Cal. May 15, 2016), findings and recommendations adopted in full by *Maxwell v. Holder*, 2015 WL 4478115 (E.D. Cal. July 20, 2015) ("[b]ecause removal proceedings are pending against plaintiff, this court may not grant any relief."); *Martinez v. Johnson,* 104 F. Supp. 3d 835, 840-43 (W.D. Tex. 2015) ("[section] 1429 circumscribes the availability of effective remedies, but does not deprive district courts of jurisdiction over actions brought under § 1447(b)"); *Kumar v. Holder*, No. 12-cv-5261 (SJF), 2013 WL 6092707, *5 (E.D.N.Y. Nov. 18, 2013) ("a district court cannot grant naturalization relief that the Attorney General would not otherwise be permitted to grant"); *Baysal v. Holder*, No. 1:10-cv-696-HJW, 2011 WL 3837091, *3-4 (S.D. Ohio Aug. 30, 2011) ("[g]iven that removal proceedings are currently pending against Baysal, § 1429 expressly precludes the relief he seeks from this Court").

Plaintiffs also seek reconsideration of the Court's finding that under 8 C.F.R. § 318.1, a "notice to appear" in removal proceedings should be treated as a "warrant of arrest" for purposes of § 1429. Doc. 52-1, at 24-29. They again argue that 8 C.F.R. § 318.1 is *ultra vires* because under their interpretation of the statutes, the Secretary of Homeland Security lacks authority to issue a regulation that contravenes the plain language of § 1429, which explicitly bars the consideration of naturalization applications for individuals who are subject to removal proceedings "pursuant to a warrant of arrest." *Id.* Plaintiffs cite *Nijjar v. Holder*, 689 F.3d 1077 (9th Cir. 2012), to support their position. In *Nijjar*, the Ninth Circuit held that DHS regulations providing for the termination of asylum claims are *ultra vires* because the exclusive authority to terminate asylum remained with the Attorney General, even after the passage of the Homeland Security Act of 2002. 689 F.3d at 1085-1086. However, *Nijjar* is distinguishable from the instant case because the statutory authority to commence removal proceedings, which is relevant here, definitively belongs to DHS. It is clear from the text of the Homeland Security Act that Congress transferred the immigration enforcement

functions from the Immigration and Naturalization Service[4] to the Secretary of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, § 402(3), 116 Stat. 2192 (codified at 6 U.S.C. § 202(3)) ("The Secretary [of Homeland Security] shall be responsible for the following … [c]arrying out the immigration enforcement functions in, or performed by, the Commissioner of Immigration and Naturalization (or any officer, employee, or component of the Immigration and Naturalization Service) immediately before the date on which the transfer of functions specified under section 251 of this title takes effect)); *Ali v. Mukasey*, 524 F.3d 145, 149 (2d Cir. 2008) ("The Homeland Security Act of 2002 transferred authority to commence removal proceedings from the Immigration and Naturalization Service to the Secretary of DHS. The Homeland Security Act also contains a provision [6 U.S.C. § 557] that, where functions have been transferred by the Act to DHS, statutory references to the authority that was formerly responsible for those functions will be deemed to refer to DHS."). The fact that Congress has delegated to DHS the authority to commence removal proceedings therefore eviscerates Plaintiffs' argument that DHS lacks the authority to promulgate 8 C.F.R. § 318.1. *See id.*

The remainder of Plaintiffs' argument consists of expressing disagreement with the Seventh Circuit's decision in *Klene v. Napolitano*, 697 F.3d 666 (7th Cir. 2012), which they characterize as reflecting "dishonesty," and describing the other cases cited by the Court as "made in ignorance of the issue or [] wrong". *Id.*, at 24. Here, the Court agrees with Defendants' argument that "Plaintiffs cannot convert the Court's reliance upon the decisions of other federal courts into 'manifest injustice' merely by impugning the credibility of the authoring judges." Doc. 54, at 4. The Court therefore did not err by finding that Plaintiffs have been placed in removal proceedings and are subject to the effect of § 1429 with regard to their naturalization applications. *Kona Enters.*, 229 F.3d at 890. Accordingly, the Court declines to reconsider its legal conclusions regarding 8 C.F.R. § 318.1 and § 1429. *See id.*

//

//

---

[4] Before 2002, the former Immigration and Naturalization Service was under the authority of the Attorney General in the Department of Justice. *Kaufman v. Mukasey*, 524 F.3d 1334, 1338-39 (D.C. Cir. 2008) (citing 8 C.F.R. § 100.2 (1994)).

**CONCLUSION AND ORDER**

Plaintiffs have not demonstrated that the Court committed "clear error" or that the "initial decision was manifestly unjust." *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Thus, **IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration and to alter or amend the judgment (Doc. 52) is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 22, 2016**              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE