# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEANLIM YITH, SEAK LEANG YITH, | Case No. 1:14-cv-01875-LJO-SKO |
| Plaintiffs, | |
| v. | ORDER REGARDING INFORMAL DISCOVERY DISPUTE CONFERENCE |
| KIRSTJEN NIELSEN, ET AL., | |
| Defendants. | |

**ORDER**

On May 24, 2019, the parties appeared telephonically for an informal discovery dispute conference. Attorney Bruce Leichty appeared on behalf of Plaintiffs Seanlim Yith and Seak Leang Yith, and attorney Anthony Bianco appeared on behalf of Defendants.

After reviewing the parties' submissions and hearing the parties' arguments, the Court makes the following findings and orders:

**1.    Production of Written Response and Responsive Documents Including Emails**

Plaintiffs contend that they served requests for production of documents on March 7, 2019, and Defendants have not served a complete production of documents[1] or any written response or

---

[1] Plaintiffs asserted in two separate disputes that Defendants have not served a complete production of documents generally and have not served a complete production of responsive emails. Because the disputes are so related, the Court will address both at the same time.

objections, and due to the delay Plaintiffs believe a "conditional" monetary sanction is appropriate. Plaintiffs request that Defendants be directed to produce a written response, with objections deemed waived, and produce the remaining responsive documents by May 31, 2019. Defendants do not dispute that they failed to serve a written response or propound objections by the April 6, 2019 deadline, but contend that they have produced all responsive documents in their possession.

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). Written responses and objections to requests for production are due 30 days after service of the requests, and any objection "must state with particularity whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(A), (C).

It is undisputed that Defendants failed to serve a written response and failed to assert objections to Plaintiffs' requests for production within the time required. Accordingly, the Court **GRANTS** Plaintiffs' request that Defendants produce a written response with all objections to the production of requested documents deemed waived. As Defendants represent that they have produced all responsive documents, the Court **DENIES without prejudice** Plaintiffs' request for an order directing production of all remaining responsive documents. The Court declines to impose a "conditional" monetary sanction for potential future non-compliance and **DENIES without prejudice** Plaintiffs' request for sanctions. Defendants shall serve a written response to Plaintiffs' requests for production **on or before May 31, 2019**, and the parties shall meet and confer to determine whether any documents are missing from Defendants' production **on or before June 7, 2019**.

**2.     Redaction of Produced Documents**

Plaintiffs contend Defendants produced documents that redacted critical information regarding investigative details without offering any justification for the redactions. Plaintiffs request that Defendants be required to produce un-redacted copies of previously produced documents. Defendants respond that the documents were appropriately redacted to protect

information covered by the Privacy Act of 1974 and the "law enforcement privilege." Defendants assert that they proposed a protective order at the beginning of the case, but the parties could not come to an agreement.

The appropriate method for protecting confidential information exchanged in discovery is to seek a protective order in accordance with the Local Rules. *See* E.D. Cal. Local Rule 141.1(a)(1); Fed. R. Civ. P. 26. The Privacy Act of 1974 protects from public disclosure, among other things, information disclosed at meetings of federal agencies that may disclose "investigatory records compiled for law enforcement purposes" in some circumstances. 5 U.S.C. § 552b(c)(7). "Privileges are narrowly construed, because they impede the full and fair discovery of the truth." *Brooks v. County of San Joaquin*, 275 F.R.D. 528, 529 (E.D. Cal. 2011) (citing *Eureka Financial Corp. v. Hartford Acc. and Indemnity Co.*, 136 F.R.D. 179, 183 (E.D. Cal. 1991)). The party asserting the privilege has the burden of establishing its applicability. *Id.* (citing *United States v. O'Neill*, 619 F.2d 222, 227 (3rd Cir. 1980)). The "law enforcement privilege" protects disclosure of law enforcement techniques and procedures; identities of witnesses, law enforcement personnel, individuals involved in an investigation, sources, and informants; and otherwise applies to "prevent interference with an investigation." *Brooks*, 275 F.R.D. at 529 (quoting *In re Dept. of Investigation of City of New York*, 856 F.2d 481, 483-84 (2d Cir. 1988)).

The Court is unable to determine the applicability of asserted privileges and the propriety of the redactions without examining the un-redacted documents *in camera*. As the parties now have tangible discovery materials to examine and the case has proceeded for months since the parties last discussed the possibility of a protective order, the Court **DENIES without prejudice[2]** Plaintiffs' request that Defendants produce the un-redacted documents and directs the parties to meet and confer regarding a mutually agreeable protective order **on or before May 31, 2019**. If Defendants intend to redact documents despite a protective order, Defendants must set forth the basis for each redaction and serve a list that includes each redaction *and* the basis for each

---

[2] Defendants' counsel is advised that if the parties are unable to meaningfully meet and confer and agree on terms of a protective order, Defendants will be required to submit all produced documents for *in camera* review with a privilege log identifying the reason for each redaction for the Court to determine the propriety of the redactions.

redaction on Plaintiffs **on or before June 7, 2019**.

**3.     Production of Exhibits Attached to July 31, 2015 Report of Investigation**

Finally, Plaintiffs contend that in April 2019, Defendants produced a report dated July 31, 2015 that referenced certain exhibits, but failed to produce the exhibits attached to the report. Defendants contend that the exhibits are not within the scope of discovery as they involve individuals other than Plaintiffs. Defendants admit, however, that the report is relevant to the case. Plaintiffs contend Defendants have waived any objection to production of the exhibits and request that Defendants be directed to produce the exhibits by May 31, 2019.

As noted above, failure to object to discovery requests within 30 days constitutes a waiver of any objection. *See Richmark*, 959 F.2d at 1473; Fed. R. Civ. P. 34(A), (C). Defendants admittedly failed to object to the production of these documents within the time required. Thus, the Court **GRANTS** Plaintiffs' request that Defendants produce the exhibits. Defendants shall produce the exhibits attached to the July 31, 2015 Report of Investigation **on or before May 31, 2019**.

IT IS SO ORDERED.

Dated:   **May 28, 2019**                              /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE