# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEANLIM YITH, SEAK LEANG YITH,<br><br>Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, ET AL.,<br><br>Defendants. | Case No. 1:14-cv-01875-LJO-SKO<br><br>ORDER RE DISCOVERY DISPUTE FOLLOWING TELEPHONIC CONFERENCE |

**ORDER**

## I. Procedural Background

Plaintiffs filed this case on November 25, 2014, alleging Defendants violated 8 U.S.C. §§ 1446(b) and 1447(b) by failing to timely adjudicate Plaintiffs' naturalization applications. (Doc. 1.) On March 10, 2015, the United States Citizenship and Immigration Services (USCIS) conducted required interviews of Plaintiffs and anticipated adjudicating the applications before July 8, 2015. (*See* Doc. 29 at 2.) However, instead of adjudicating the applications, USCIS issued Plaintiffs notices to appear and initiated removal proceedings against them. (Doc. 31 at 2.)

On January 8, 2016, the assigned district judge granted summary judgment in favor of Defendants, holding that 8 U.S.C. § 1429 precluded the district court from adjudicating Plaintiffs' naturalization applications (or ordering USCIS to adjudicate the applications) while removal

1 proceedings were pending. (*See* Doc. 50 at 19.) The Ninth Circuit reversed and remanded on February 7, 2018, ruling that 8 U.S.C. § 1429 precludes only the executive branch, and not the district court, from considering a naturalization application, and only when there is a pending removal proceeding pursuant to a warrant of arrest. (Doc. 61 at 25.)

Plaintiffs filed a first amended complaint on June 8, 2018. (Doc. 69.) On July 31, 2018, Defendants filed a motion to remand the case to USCIS, which the assigned district judge denied on October 26, 2018. (Docs. 78, 88.) On December 13, 2018, the Court entered a Scheduling Order setting the non-expert discovery deadline for May 31, 2019, the dispositive motions deadline for July 31, 2019, and trial for January 7, 2020. (Doc. 93.)

## II. Discovery Requests

On March 7, 2019, Plaintiffs served requests for production on Defendants. It is unclear when Defendants began producing documents. As of May 13, 2019, Defendants represented they had produced thousands of documents responsive to Plaintiffs' requests, while Plaintiffs contended the discovery responses were incomplete.

On May 6, 2019, the parties requested that the court extend the scheduling order deadlines, including the non-expert discovery deadline, to July 15, 2019. (Doc. 95.) The parties stated that there were "outstanding discovery disputes that the parties are actively attempting to resolve without the need for the Court's intervention." (*Id.* at 2.) On May 8, 2019, the Court granted the extensions but advised the parties that it was "the only stipulation to modify the Scheduling Order that the Court will entertain." (Doc. 96 at 4.)

## III. Discovery Disputes

On May 24, 2019, the parties appeared telephonically for an informal discovery dispute conference. Attorney Bruce Leichty appeared on behalf of Plaintiffs Seanlim Yith and Seak Leang Yith, and attorney Anthony Bianco appeared on behalf of Defendants. At the informal discovery dispute conference, Plaintiffs requested that: (1) Defendants produce a written response and documents responsive to Plaintiffs' requests for production; (2) Defendants produce un-redacted copies of previously produced, redacted documents; and (3) Defendants produce exhibits attached to a previously produced report. On May 28, 2019, following the informal discovery

dispute conference, the Court issued an Order addressing Plaintiff's requests. (Doc. 101.)

As to the first request, Defendants conceded that they failed to produce a written response by the deadline, but asserted they had produced all responsive documents. Thus, the Court directed Defendants to produce the written response by May 31, 2019, and directed the parties to meet and confer to determine whether any documents were missing from the production by June 7, 2019. (Doc. 101 at 2.) Regarding the third request, Defendants conceded that they failed to produce the exhibits attached to the previously produced report and failed to formally object to the production of the exhibits by the deadline. Thus, the Court directed Defendants to produce the exhibits by May 31, 2019. (*Id.* at 4.)

As to the second request, Defendants asserted that they properly redacted certain documents to remove information protected under the Privacy Act of 1974 and the law enforcement privilege. Defendants also stated they had proposed a protective order at the start of discovery,[1] but the parties were unable to reach an agreement. As the parties now had tangible discovery materials to examine and the case has proceeded for months since the parties had last discussed a protective order, the Court directed the parties to meet and confer regarding a mutually agreeable protective order by May 31, 2019. (Doc. 101 at 3.) The Court further directed Defendants that if they intended to redact documents in the absence of a protective order, they must set forth the basis for each redaction and serve a privilege log on Plaintiffs by June 7, 2019. (*Id.* at 3–4.)

On June 6, 2019, Defendants filed an "Update to the Court Regarding Informal Discovery Dispute Conference," stating that Defendants had served on Plaintiffs the written response, the exhibits, and remaining responsive documents on May 31, 2019.[2] (Doc. 104 at 1–2.) As to the protective order and redactions, Defendants stated, "[t]he parties have met and conferred regarding a mutually agreeable protective order but have been unable to reach an agreement." (*Id.* at 2.)

---

[1] In the parties' joint scheduling report, they represented that they "began conferring on discovery issues on June 15, 2018" and exchanged initial disclosures in July 2018. (Doc. 75 at 10.) Thus, the parties apparently began discussing the possibility of a protective order about one year ago.

[2] Defendants previously filed a notice to the Court on May 31, 2019, but re-filed a corrected notice on June 6, 2019. (Docs. 102, 104.) The Clerk of the Court entered a notation on the docket to disregard the first notice, as the document was incomplete. (Doc. 103.)

On June 10, 2019, the Court received two binders of documents from Defendants with a privilege log and letter explaining the submission. The letter stated Defendants simultaneously sent the binders and privilege log to Plaintiffs' counsel on June 7, 2019. The documents submitted to both the Court and Plaintiffs' counsel were redacted copies of the documents that Plaintiffs had demanded in discovery.[3]

Upon receiving the documents and in light of the upcoming non-expert discovery deadline of July 15, 2019, the Court promptly set a telephonic status conference to address the current posture of the discovery dispute and the parties' inability to arrive at a mutually agreeable protective order to facilitate the production of unredacted documents. On June 11, 2019, the parties appeared for a telephonic status conference. Attorney Bruce Leichty appeared on behalf of Plaintiffs Seanlim Yith and Seak Leang Yith, and attorney Anthony Bianco appeared on behalf of Defendants.

The Court noted that the parties had not yet agreed upon the terms of a protective order. It appears that the sole remaining issue is whether the protective order should include a provision limiting the use of the discovery material to this litigation. This limitation on the use of discovery was also the remaining issue regarding the protective order at the discovery dispute conference on May 24, 2019. It therefore appears that the parties have not adequately met and conferred "regarding a mutually agreeable protective order," as required by the Court's previous order.[4] (*See* Doc. 101 at 3.)

**IV. Order**

Although the parties began discussing the possibility of a protective order months ago, they have been unable to arrive at a mutually agreeable protective order. In view of the July 15, 2019 non-expert discovery deadline, the Court sets the following schedule:

---

[3] The Court's May 28, 2019 Order advised Defendants' counsel that if the parties were unable to agree on a protective order, Defendants would be required to submit the *un-redacted* documents for *in camera* review with a privilege log. (Doc. 101 at 3 n.3.) This was meant to encourage the parties to meaningfully meet and confer, but in any event Defendants' submission of redacted documents, as opposed to un-redacted copies, is unhelpful to determining the propriety of the redactions.

[4] In addition to any written correspondence in which the parties may engage, they are required to speak with each other (i.e., either in person or over the telephone) regarding the dispute, to fulfill the Court's directive that the parties first meet and confer in a good faith effort to resolve disputes without court action. The parties are advised that failure to meaningfully meet and confer in the future may result in sanctions.

1. The parties were directed to meet and confer regarding the remaining issues related to a protective order by the end of the day on June 11, 2019;

2. Defendants shall file their motion for a protective order addressing any remaining disputed issues by **5:00 PM on June 13, 2019**;

3. Plaintiffs shall file an opposition by **5:00 PM on June 18, 2019**;[5] and

4. Defendants shall file a reply by **5:00 PM on June 19, 2019**.

The parties are advised that all issues must be fully briefed, as it is within the Court's discretion whether to hear oral argument on the motion. *See* E.D. Cal. L.R. 230(g). The parties are referred to Local Rule 141.1 governing the issuance of protective orders. *See* E.D. Cal. L.R. 141.1.

IT IS SO ORDERED.

Dated: __**June 12, 2019**__ /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

---

[5] The Court provided Plaintiffs' counsel until June 18, 2019, to file his opposition, to accommodate his schedule.