UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEANLIM YITH and SEAK LEANG YITH, | Case No.: 1:14-cv-01875-LJO-SKO |
| Plaintiffs, | |
| v. | **PROTECTIVE ORDER** |
| KEVIN K. MCALEENAN, in his Capacity as Acting Secretary of Homeland Security, *et al.*, | |
| Defendants. | |

Pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the Court enters this Protective Order upon motion of Defendants, for the purpose of protecting Confidential Material disclosed by the Parties.

IT IS ORDERED, ADJUDGED, AND DECREED that the following procedures will govern the production and/or use of Confidential Material in this action:

1. This Protective Order governs the treatment and handling of all Confidential Material produced in accordance with the Federal Rules of Civil Procedure or any order of the Court, by any Party to any other Party in this matter.

1

2. Confidential Materials subject to protection under the Privacy Act which are otherwise discoverable are authorized to be produced. 5 U.S.C. § 552a(b)(11).

3. Any Party furnishing Confidential Material, defined as documents, things, information or other materials, in whatever form, which, in the opinion of that Party contains information protected by the Privacy Act, 5 U.S.C. § 552a, the Freedom of Information Act, 5 U.S.C. § 552, and/or the law enforcement, investigatory files, informant privilege, or any other privilege under federal or state law, may designate such material as subject to this Protective Order by marking each page of the document as "Subject to Protective Order," whether it be a document, information contained in a document, information revealed during an interrogatory answer, or otherwise.

Any Party receiving Confidential Material which in the opinion of the designating party contains information protected by the Privacy Act, 5 U.S.C. § 552a, the Freedom of Information Act, 5 U.S.C. § 552, and/or the law enforcement, or investigatory files privilege(s), and/or any other privilege under federal or state law, may designate such material as subject to this Protective Order by marking each page of the document as either "Subject to Protective Order," provided that the Party provides notice of such designation within 14 days of receipt to counsel for all other Parties.

4. Confidential Material designated "Subject to Protective Order" pursuant to this Order shall be used by a Party only for purposes related to this action and for no other purpose, under other restrictions as explained elsewhere in this Order, and under no circumstances, other than those specifically provided for in this or a subsequent Order of this Court, shall any Party disclose it to persons or entities other than the following:

    a. The Court and Court personnel;

    b. A Party and Counsel of record for a Party;

    c. Secretarial, clerical, paralegal or paraprofessional staff, or other members of the legal team, provided such counsel deems the disclosure reasonably necessary for the conduct of this litigation;

  d.  Experts or consultants who have been retained by a Party for the purpose of assisting in the conduct of this action;

  e.  Fact witnesses during their deposition, or in preparation for their deposition, provided that counsel of record for a Party deems the disclosure reasonably necessary for the conduct of this litigation and that no disclosure is made to persons outside the authorization of this Order; and

  f.  Other persons upon order of this Court or upon stipulation of the Party who designated the Confidential Material in question as "Subject to Protective Order"

Before any Confidential Material subject to this Protective Order is disclosed to a Party, all counsel of record for that Party shall sign and serve the "Acknowledgment of Protective Order," attached as Exhibit "A" to this Protective Order, on all counsel of record for all Parties. Unless otherwise specified by a counsel of record for a Party, service of the signed "Acknowledgement of Protective Order" may be completed by e-mail.

Prior to disclosing Confidential Material subject to the Protective Order to any other individuals designated in subsections (b)-(f), counsel for a Party must have these individuals sign the "Acknowledgment of Protective Order," attached to this Protective Order. The original signed "Acknowledgment of Protective Order" completed by any individual designated in subsections (b)-(f) shall be retained by counsel seeking to disclose materials to such individual until the conclusion of this litigation (as that point in time is defined in paragraph 9 below). These signed "Acknowledgment of Protective Order" forms may only be disclosed pursuant to Court order.

5.  Each person to whom Confidential Material designated as "Subject to Protective Order" is disclosed is hereby advised that such Confidential Material is being disclosed pursuant and subject to the terms of this Order, may not be disclosed other than pursuant to the terms hereof, and may be used only for purposes related to this action and for no other purposes. Confidential Material designated "Subject to Protective Order" may be disclosed to a person identified in subparagraphs 4(b)-(f) only after such person has executed a copy of the "Acknowledgment of Protective Order," attached hereto.

6. In the event that counsel for any Party determines to file with or submit to this Court – by way of pleadings, motions, briefs, or other papers or submissions – any Confidential Material designated "Subject to Protective Order" such counsel must make a motion in accordance with Eastern District of California Local Civil Rules for permission from the Court to file or submit such Confidential Material under seal.

7. If any Party objects to the designation of any information, material, or document as Confidential Material "Subject to Protective Order," the objecting Party may notify the designating Party in writing at any time, but no later than twenty-one (21) days before the date of trial, and the objecting Party must also notify all other Parties of the objection. Within ten (10) days after service of any such notice, and after consultation and a good-faith effort to resolve the disagreement with the other Parties, either the designating or the objecting Party may apply to the Court for a ruling that the Confidential Material objected to shall (as applicable) be treated or not treated as "Subject to Protective Order" and notice of such application shall be provided to all other Parties. Until this Court enters an order determining the status of the Confidential Material being objected to, such Confidential Material shall be treated in accordance with its provisional designation as "Subject to Protective Order" as provided in this Order, unless the Parties otherwise agree by written stipulation.

8. Any Party that produces documents does not waive any privilege or protection, including but not limited to the attorney-client privilege and work-product protection, as well as the law enforcement, investigatory files, or state secrets privilege and/or any other privilege under federal or state law, over that information in this matter or any other proceeding. Fed. R. Evid. 502(d), (e), (g). The Parties shall follow Federal Rule of Civil Procedure 26(b)(5)(B) in dealing with any privileged materials produced in discovery.

9. Within three (3) months of the conclusion of this litigation (commencing from the date on which the time for filing an appeal from entry of judgment with no party taking an appeal, or in the event an appeal is taken, from the date of exhaustion of any and all appeals), all Confidential Material which continues to be designated as "Subject to Protective Order" and all copies thereof, shall either be returned to the disclosing Party or destroyed unless otherwise statutorily

required to be retained or preserved.  A Party who elects to destroy the copies shall submit a certification to the disclosing Party, attesting that all copies were destroyed, within fourteen (14) days of the destruction of the copies.  Copies which contain markings constituting attorney work product need not be returned or destroyed, provided they remain subject to the provisions of this Protective Order.  All Confidential Material shall be kept in the possession of the Party to whom it (the document) was produced, except in the limited circumstances described above.

10. Confidential Material of any sort that a Party wishes to designate as "Subject to Protective Order" pursuant to the terms of this Order, but which is inadvertently disclosed without such designation, may be retrieved by the disclosing Party at any time.  Upon notice that a Party seeks retrieval, such Confidential Material must be treated as if designated "Subject to Protective Order" depending on the designation requested by the inadvertently disclosing Party, and may only be used for the purposes and in the manner permitted by this Order.

11. The agreement of any Party to be bound by the terms and conditions of this Order does not constitute a waiver of any privilege available to that Party, and shall not be construed as such.

12. This Order shall not: (a) prejudice in any way the right of a Party to object to the production of information or materials it considers not subject to discovery; or (b) prejudice in any way the right of a Party to seek a Court determination (i) whether discovery information or material should be produced, or (ii) if produced whether such information or material should be subject to the terms of this Order; or (c) prejudice in any way the right of a Party to apply to the Court for a further protective order relating to any Confidential Material.

13. This Order may be modified if the Parties to this Order agree to such modification and such modification is granted by the Court or if such modification is ordered by the Court.

14. Any person may at any time move, on notice to all parties, for modification of, or other relief from, this Order.

15. In accordance with Local Rule 141(c)(3), the need for protection of Confidential

information is addressed by a court order, as opposed to a private agreement between or among the parties, because the parties have been unable to come to a private agreement.

IT IS SO ORDERED.

Dated: **June 21, 2019** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEANLIM YITH and SEAK LEANG YITH, | Case No.: 1:14-cv-01875-LJO-SKO |
| Plaintiffs, | |
| v. | **ACKNOWLEDGMENT OF PROTECTIVE ORDER** |
| KEVIN K. MCALEENAN, in his Capacity as Acting Secretary of Homeland Security, *et al.*, | |
| Defendants. | |

I, _____, hereby acknowledge, under penalty of perjury, that I have read the Protective Order governing disclosure of Confidential Material entered by this Court on _____, 2019. I am familiar with the specific terms of the Order and agree to be bound by its terms. I further understand that I am subject to the contempt powers of this Court for violation of the Order.

DATE: _____    _____
Signature

EXHIBIT "A"